# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **JEANNETTE GREAUX-MORALES**<br><br>*Plaintiff*<br><br>Vs.<br><br>**FEDERAL BUREAU OF PRISONS; UNITED STATES OF AMERICA; COMPANY ABC AND CORPORATION XYZ; INSURANCE COMPANY IJL; JOHN DOE, JANE ROE**<br><br>*Defendants* | CIVIL NO. 3:20-CV-1441<br><br>PLAINTIFF DEMANDS TRIAL BY JURY |

## COMPLAINT

**TO THE HONORABLE COURT:**

**COME NOW** plaintiff, through the undersigned counsel, and pursuant to this Honorable Court, respectfully **STATE, ALLEGE** and **PRAY:**

## PARTIES

1. PLAINTIFF, **JEANNETTE GREAUX-MORALES** is of legal age, married, and resident of Bayamon, Puerto Rico. Her physical and postal address is: Condominium Riverside Plaza, Santa Cruz Street #74, Apartment 11-D, Bayamon, P.R. 00961*;* Her phone number is (787) 667-4227. **JEANNETTE GREAUX-MORALES** is suffering the damages alleged herein and for which compensation is sought.

2. CO-DEFENDANT, the **FEDERAL BUREAU OF PRISONS**, is a party in this action pursuant to 28 U.S.C. §1346(b). The physical and postal address is: 320 First St., NW, Washington, DC 20534

3. CO-DEFENDANT, the **UNITED STATES OF AMERICA**, is a party in this action pursuant to 28U.S.C. §1346(b). The physical and postal address is: US Attorney General, U.S. Department of Justice, Main Justice Building, Room 5111 10th and Constitution Avenue, N.W. Washington, D.C. 20530; United States Department of Justice Attorney's Office, District of Puerto Rico, San Juan, PR, Torre Chardón, Suite 1201 350 Carlos Chardón Street San Juan, PR 00918

4. CO-DEFENDANT, **COMPANY ABC AND CORPORATION XYZ**, are the fictitious names of any Company/Corporation/Partnership/Subsidiary that upon Plaintiff belief, is organized under the laws of Puerto Rico, or any other recognizable jurisdiction, that, at all relevant times herein, may have had in full effect an insurance policy covering the legal liability of all the events claimed. The real names are unknown at this time and will be substituted pursuant to the Federal Rules of Civil Procedure once the real name is made known to Plaintiff.

5. CO-DEFENDANT, **JOHN DOE**, is any independent contractor not liable under the Federal Tort Claims Act, who may have been negligent in this action. The real name is unknown at this time and will be substituted pursuant to the Federal Rules of Civil Procedure once the real name is made known to the PLAINTIFF.

6. CO-DEFENDANT, **JANE ROE**, is any lessor not liable under the Federal Tort Claims Act, who may have been negligent in this action as owner of the building where the tort occurred. The real name is unknown at this time and will be substituted pursuant to the Federal Rules of Civil Procedure once the real name is made known to the PLAINTIFF.

7. CO-DEFENDANT, **INSURANCE COMPANY IJL**, is the fictitious name of a Company/Corporation/Partnership that upon plaintiff's belief, is organized under any recognizable jurisdiction, that, at all relevant times herein, had in full effect an insurance policy covering the legal liability of all the events claimed. The real name is unknown at this time and will be substituted pursuant to the Federal Rules of Civil

Procedure once the real name is made known to the PLAINTIFF.

## JURISDICTION AND VENUE

8. This Honorable Court has subject matter jurisdiction over the instant case, this action is one for compensatory damages pursuant to the Federal Tort Claims Act and state civil law tort theories. Jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1346(b).

9. Pursuant to 28 U.S.C. §§ 2401(b), 2675 PLAINTIFF timely presented an administrative claim (#TRT-SER-2020-00927) with the appropriate United States government agency, the Federal Bureau of Prisons (" B.O.P.").

10. Jurisdiction for this action in the United States District Court arises under 28 U.S.C. §1346(b) and the Federal Tort Claims Act, 28 U.S.C. §2675(a) which provide that a tort claim which is administratively denied or not given administrative disposition within six months of the filing of the claim may be presented to a Federal District Court for judicial consideration.

11. Venue is appropriate pursuant to 28 U.S.C. §1391 based on plaintiff's permanent residence and domicile in the Federal District of Puerto Rico.

## THE FACTS

12. On August 25, 2019, between 12:00 and 3:00 P.M., PLAINTIFF was at the Metropolitan Detention Center facility, known as the MDC, located in Guaynabo, Puerto Rico visiting her son.

13. During the visiting period, the PLAINTIFF decided to warm up some food in the microwave set up in the visitor's area. When she tried to remove the food from the microwave, she tripped on an uneven and/or damaged area on the floor thus falling and suffering traumas in various parts of her body, specifically in the entirety of her back, her neck, knees, arms and head.

14. That on the same day, at about 4:32 P.M., the PLAINTIFF had to attend the

Emergency Room at the Hospital HIMA San Pablo in Bayamon, Puerto Rico where she received all the rigorous examinations and procedures, and was discharged to attend specialized medical treatment.

15. That after the occurrence of this fall, PLAINTIFF had received multiple physical therapy sessions. To this day, PLAINTIFF continues to suffer from physical pains and aches as a consequence of the injuries sustained due to the fall.

16. That PLAINTIFF timely mailed her Administrative Tort Claim # TRT-SER-2020-00927 on October 23, 2019 before the Federal Bureau of Prisons.

17. The Federal Bureau of Prisons received this claim for processing on October 29, 2019.

18. That the Government is afforded six months from the date the claim is accepted for filing to make a final disposition regarding the claim.

19. Therefore, an answer to the claim should have been mailed on or before April 28, 2020.

20. That, to this date, no such answer to the PLAINTIFFS Administrative Tort claim has been received.

21. That as a result of PLAINTIFF not receiving an answer to her administrative tort claim (within the six months established), she is claiming physical, mental and emotional damages by filing suit at the U.S. Federal District Court for the District of Puerto Rico pursuant to 28 U.S.C. § 1346(b) and the Federal Tort Claims Act, 28 U.S.C. § 2675(a).

22. That at all relevant times, the DEFENDANT was operating the prison facility Metropolitan Detention Center, commonly known as the MDC, located in 652, PR-28, GUAYNABO, P.R.  00965.

23. The actual and proximate cause of the fall was solely and exclusively due to the DEFENDANT's negligence, who kept an area open to the public with an uneven and/or damaged floor, without providing signage to visitors, warning of the

dangerous conditions present on the floor. This constituted a hidden danger and was known or reasonably should have been known by the DEFENDANT.

24. Furthermore, the injuries sustained by the PLAINTIFF when she tripped and fell were in fact caused by the negligence of the DEFENDANT in failing to safely own, operate, maintain, manage, control and supervise its employees and the subject premises.

## PLAINTIFF DAMAGES

25. As a result of the fall, PLAINTIFF has suffered and continues to suffer mental and emotional anguishes, which has deteriorated her interpersonal relations as well as her relations with her family and loved ones.

26. PLAINTIFF's quality of life has seriously deteriorated by having difficulty in undertaking daily life tasks and other leisure activities, which she could do without a problem prior to the fall.

27. Moreover, PLAINTIFF lives anguished at the fact that she will inevitably live with a physical incapacity or impediment for the rest of her life.

28. The monetary damages suffered by PLAINTIFF, including but not limited to bodily and physical injury, pain and sufferings, mental anguish, psychological and emotional distress, loss of enjoyment of life, loss of enjoyment of activities to which she was accustomed, expenses, among others, all of which are the direct consequences of DEFENDANT'S negligence, are conservatively estimated in an amount of no less than **ONE HUNDRED FIFTY THOUSAND DOLLARS ($150,000.00).**

## JOINT AND SEVERAL LIABILITIES

Pursuant to the laws of the Commonwealth of Puerto Rico, as joint tortfeasors, Defendants together with their insurance carrier must be held jointly and severally liable

for all of the damages alleged in this Complaint. Defendants above described acts or omissions constitute a tort under Puerto Rico Civil Code, Art. 1802, 1803, 31 LPRA, §5141, §5142.

## PREJUDMENT INTEREST, ATTORNEY FEES AND COST

In the event that the DEFENDANTS deny their negligence or liability in the occurrence of the events or damages caused to plaintiff, she is entitled to pre-judgment interest to be computed over the amount recovered through this Complaint, as well as a reasonable amount of attorney's fees, as permitted by law.

## RELIEF

**WHEREFORE,** Plaintiff respectfully requests from this Honorable Court that judgment be entered against the Defendants, jointly and severally, for the damages sustained by herself, ordering the payment of no less than **ONE HUNDRED FIFTY THOUSAND DOLLARS ($150,000.00)** in favor of the Plaintiff, as well as the award of costs, attorney's fees, interests and any other relief allowed in law and/or equity the Court might deem proper, regardless of whether said remedy was claimed or not..

## TRIAL BY JURY

Plaintiffs demand that the instant action be tried before a jury.

## MEDICARE

If the plaintiffs owe any medical costs to MEDICARE due to this incident, the defendant part must pay for these costs.

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and mailed copy of the complaint and summons to all defendants via certified mail.

**RESPECTFULLY SUBMITTED.**

In Guaynabo, Puerto Rico, this 24 of August of 2020.

*S/* **MANUEL COBIAN-ROIG**
USDC NO. 220005
Attorney for Plaintiffs
PO Box 177
Guaynabo, PR  00970
Phone (787) 402-6944
Mobile (787) 248-8933
e-mail: manuelcobianroig@gmail.com